UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-07-66-B-W |
| | ) | |
| ROCHELLE KENNEY | ) | |

## ORDER ON DEFENDANT'S MOTION TO STAY PENDING FILING OF PETITION TO THE SUPREME COURT FOR WRIT OF CERTIORARI

Despite the absence of any likelihood of success on appeal, the lack of irreparable harm to the Defendant, and a mixed impact on the public interest, the Court grants the Defendant's motion for stay pending resolution of her petition for writ of certiorari because there is no evident harm to the Government from delay.

## I.     STATEMENT OF FACTS

On April 28, 2008, over the Defendant's objection, the Court granted the Government's motion for return of physical evidence. *Order on Mot. Directing the Return of Physical Evidence* (Docket # 93) (*Order*). On April 30, 2008, the Defendant appealed to the First Circuit. *Def.'s Notice of Appeal* (Docket # 95). On July 9, 2008, the First Circuit denied the appeal. *J.* (Docket # 105).

On July 15, 2008, the Defendant moved the Court for a stay pending her petition for writ of certiorari.[1] *Def.'s Mot. for Stay Pending Filing of Pet. to Supreme Court for Writ of Cert. on the First Circuit's July 9, 2006* [sic] *Order Den. Interlocutory Jurisdiction on Appeal of this Court's Order on Mot. Directing the Return of Physical Evidence* (Docket # 102) (*Def.'s Mot.*).

---

[1] Technically, the Defendant jumped the gun. Although the First Circuit issued its judgment on July 9, 2008, it did not issue its mandate until August 4, 2008, and until the mandate is issued, the case remains within the jurisdiction of the appellate court. Once the First Circuit issued its mandate, the proceedings involving the case on appeal were closed and it was removed from appellate jurisdiction, "returning it to the forum whence it came." *Ostrer v. United States*, 584 F.2d 594, 598 (2d Cir. 1978). With the docketing of the First Circuit mandate, the Kenney case has now safely returned to the jurisdiction of this Court and it may address the motion for stay. *Mandate of United States Court of Appeals for the First Circuit* (Docket # 105).

The Government objects. *Government's Resp. to the Def.'s Mot. to Stay Proceedings Pending the Filing of a Petition for Writ of Cert.* (Docket # 103) (*Govt.'s Resp.*). The Defendant replied. *Def.'s Reply to Government's Resp. to Def.'s Mot. to Stay Proceedings Pending the Filing of a Pet. for a Writ of Cert.* (Docket # 104) (*Def.'s Reply*).

## II. DISCUSSION

The facts underlying this case and the events leading to the Court's April 28, 2008 Order are set forth in detail in that Order. *Order* at 1-4. The effect of the Order was to require the Defendant to return a blood sample to the Government for testing at a designated laboratory. *Order* at 10. The Defendant objected and appealed to the First Circuit. When she did so, she moved for a stay of the Order requiring transfer of the blood sample. *Def.'s Mot. for Stay Pending Appeal of Order on Mot. Directing the Return of Physical Evidence* (Docket # 96). The Court granted the motion for stay without objection from the Government. *Order Granting Without Objection Mot. to Stay Pending Appeal* (Docket # 100). On July 9, 2008, the First Circuit in turn determined that it was without jurisdiction to hear the appeal. *J.* at 1-3. The Defendant has apparently resolved to attempt to obtain Supreme Court review. *Def.'s Mot.* at 1.

In requesting the stay, the Defendant reiterates the same contentions that formed the basis of her earlier motion for a stay: that if the stay is not granted, the blood will be transferred to the Government, that the Government's testing will wholly consume the blood sample, and that the Defendant will thereby be denied her right to conduct an independent test of the blood sample. *Def.'s Mot.* at 1-2. The Government has objected, essentially on the ground that enough is enough. Analyzing the four-factor test for determining whether a stay should be granted, the Government contends that the Defendant fails on each. *Govt.'s Resp.* at 2-5. The Defendant replies that a motion for a stay is a "necessary precursor to an application to the Supreme Court

2

for stay of lower court proceedings . . . ." *Def.'s Reply* at 2. She contends that she has met the four-factor test for the issuance of a stay. *Id.* at 2-7.

The Defendant's request for a stay is measured against four factors: (1) the likelihood of success on appeal; (2) whether the party seeking the stay will suffer irreparable harm if the stay is not granted; (3) whether the court's issuance of a stay will result in substantial harm to the other interested parties; and, (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Maine v. United States Dep't of the Interior*, No. Civ. 00-122-B-C, 2001 WL 98373, at *2 (D. Me. Feb. 5, 2001). "The consideration of these factors is an equitable one and a strong showing of one factor may compensate for a weak showing of other factors." *Maine*, 2001 WL 98373 at *2 (citations omitted). The Court considers each.

### A. Likelihood of Success on Appeal

Based on sheer numbers, the likelihood that the United States Supreme Court will accept any case on certiorari is remote and in this case it is even more so, especially in the absence of a conflict on the issue among circuit courts. In addition to this considerable challenge, the Defendant faces two formidable hurdles. First, her appeal is of a discovery order, not a final judgment, and just as the First Circuit was disinclined to premature disposition, the Supreme Court is at least as likely not to intervene. The First Circuit rejected the Defendant's attempt to squeeze her case into the collateral order exception to the final judgment rule, her contention that the Court's Order was injunctive, and her argument that the Court usurped its authority under the All-Writs Act. *J.* at 1-3. There is no reason to think that the Supreme Court would view any of these issues differently. In sum, based on its procedural posture, there is, in this Court's view, no chance that the Supreme Court will grant certiorari on this case.

The Defendant's second hurdle relates to the merits. The Defendant does not attempt in her motion for stay to attack the merits of the district court Order, instead saying that it is the "procedural component that Ms. Kenney seeks to review in the Supreme Court." *Def.'s Reply* at 2. As the Defendant is not seeking to challenge the merits of the Court's Order, she has given the Court no reason to alter its view on the substantive merits of the appeal. Making no argument that the Supreme Court must act to prevent a substantive injustice, the Defendant hopes to attract the attention of the Supreme Court on a rarely encountered and purely procedural question, which the First Circuit has already persuasively addressed.

The Court maintains its conclusion that there is no chance the Supreme Court will accept a petition for writ of certiorari.

**B.     Irreparable Harm To Rochelle Kenney Caused By Denial of Stay**

The second factor is whether a denial of the motion for stay will cause irreparable harm to the Defendant. Here, the Defendant argues that the irreparable harm will be that her "right to Supreme Court review of her petition for a writ of certiorari" will be eliminated. *Def.'s Reply* at 4. She reasons that if the stay is not granted, she will be compelled to turn over the blood sample to the Government and the sample will be destroyed by the Government's testing. She claims that "this Court lacks the authority to deny Ms. Kenney and the Supreme Court that appeal procedure." *Id.* at 5. Finally, although she acknowledges that the presence of her expert at the Government's testing "may alleviate some prejudice," this would still "leave Ms. Kenney without the means to have her toxicology lab conduct independent testing with their instruments" and "Ms. Kenney's toxicologist may elect to conduct tests not conducted by the government lab."[2] *Id.*

---

[2] The Defendant did not raise this last point before the Court issued its April 28, 2008 Order and the Court does not know whether it is a rhetorical argument or a scientific concern. While the appeal is pending and before the tests are

Her point, though superficially attractive, is unavailing. If the Court erred in its Order and if the Defendant is ultimately subject to enhanced penalties, Ms. Kenney will have the right to challenge the merits of the Court's ruling on direct appeal to the Court of Appeals for the First Circuit and, by writ of certiorari, to the United States Supreme Court. Her appellate rights are not foreclosed, only delayed. It is true that if the stay is denied, the Government's testing will likely consume the blood sample, but this result is a necessary predicate to any claim of prejudice from the Court's Order. If there were ample blood, there would be no issue. Ms. Kenney has thoroughly preserved her objections to the Court's Order and, as the First Circuit stressed, the harm she claims "could be undone . . . by an appeal presenting the due process argument that she asserts here." *J.* at 2. In short, she will not suffer any irreparable harm to her appellate rights.

Ms. Kenney's claim that the Court lacks the legal authority to rule against her motion for stay is frivolous and needs no discussion.

Finally, any harm to the Defendant from being unable to conduct her own independent scientific analysis of the blood sample is ameliorated by the Order, which allows her expert to be present during the Government's testing of the sample. If there are other concerns, as newly intimated by the Defendant, the Court will address them before any testing takes place.

### C. Substantial Harm to the Government

The Defendant's strongest point is that a stay will cause no substantial harm to the Government. The Government has an interest is in the speedy resolution of criminal cases and the passage of time alone can always affect, as the Government claims, the witnesses' memories and their availability. *Govt.'s Resp.* at 4-5. But, as the Defendant points out, the Government

---

performed, the Court will hold a conference of counsel to discuss any issues as to the scientific procedure the Government's laboratory anticipates employing and whether the Defendant's concerns can be accommodated.

itself delayed bringing an indictment for over two years and created this controversy by sending its blood sample to a laboratory that botched the testing. *Def.'s Reply* at 5-6. Moreover, the passage of time equally affects all witnesses, Government and defense alike. *Id.* at 6. The Government has not claimed that the passage of time will affect the testing results on the blood sample and it has raised no concrete claims of harm.[3]

### D. Public's Interest

The public interest is so divergent, it is non-determinative. The public has an undoubted interest in speedy criminal trials; it also has a compelling interest in a criminal justice process that is not only fair, but perceived as fair. Balancing the public interest mirrors the Court's overall analysis.

### E. Balancing the Factors

If the Defendant were required to convince the Court on all four elements, her argument would be hopeless. Despite the Defendant's right to a vigorous defense, to appeal a discovery order to the circuit court and then to the Supreme Court seems a profound waste of time, effort, and expense. Nevertheless, in the absence of any discernable injury to the Government other than the generalized harm that inevitably arises from delay, the Court grants the Defendant's motion for stay. When the Supreme Court acts, the Court directs counsel to immediately inform the Court.

With this said, the stay only affects the transfer of the blood sample for testing to the Government. Assuming, as the Court predicts, that the Supreme Court denies the petition for

---

[3] The parties have not predicted how long it will be before the Supreme Court acts on Ms. Kenney's petition for writ of certiorari. Ms. Kenney says that Rule 13(1) allows ninety days from the date judgment was entered before her petition for writ of certiorari is due. Sup. Ct. R. 13(1). If Ms. Kenney takes the full ninety days, this means her petition for writ of certiorari will not be due until early October. The filing of her petition for writ of certiorari only begins the process at the Supreme Court. *See* Sup. Ct. R. 12. The delay is likely to be at least six months and could be much longer.

certiorari, the Court places the parties on notice that the Court is determined to promptly and efficiently move this case to resolution. If other issues can be addressed while the appeal is pending, the Court expects counsel to resolve them or, if not, to bring them to the Court's attention for resolution. In addition, the Court expects the parties to discuss and attempt to resolve any lingering issues concerning the testing of the blood sample and to bring any remaining issues promptly to the Court, so that upon order of the Supreme Court, the matter may proceed without any further unwarranted delay.

### III. CONCLUSION

The Court GRANTS the Defendant's Motion for Stay Pending Filing of Petition to Supreme Court for Writ of Certiorari on First Circuit's July 9, 2006 Order Denying Interlocutory Jurisdiction on Appeal of this Court's Order on Motion Directing the Return of Physical Evidence (Docket # 102).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of August, 2008